# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 15-0579** (Berkeley County 14-F-60)

**David P. Bowers III, Defendant Below,
Petitioner**

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David P. Bowers III, by counsel Ben J. Crawley-Woods, appeals the Circuit Court of Berkeley County's May 15, 2015, order denying his "Motion for Reconsideration and Reduction of Sentence" made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The State of West Virginia, by counsel Cheryl K. Saville, filed a response. On appeal, petitioner argues that the circuit court abused its discretion in denying his motion for reduction of sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, a Berkeley County grand jury indicted petitioner on twenty-three counts of disinterment of a dead body, in violation of West Virginia Code § 61-8-14(a), and one count of conspiracy in violation of West Virginia Code § 61-10-31. Thereafter, petitioner pled guilty to all counts as charged in the indictment.

In July of 2014, the circuit court sentenced petitioner to a cumulative term of incarceration of fifty-three years. Specifically, petitioner was ordered to serve a term of incarceration of twenty-six years and the circuit court suspended the remaining twenty-seven years and placed petitioner on probation for a period of five years. The circuit court also ordered petitioner to pay the victims restitution in the amount of $16,200.21.

Thereafter, petitioner filed a "Motion for Reconsideration and Reduction of Sentence," made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, arguing that he was close to obtaining his GED and that as a result his Level of Service/Case Management

1

Inventory score should decrease.[1] Subsequently, petitioner filed a supplemental exhibit attaching certificates indicating that he obtained his GED and completed a pre-vocational program while incarcerated. Subsequently, the circuit court denied petitioner's Rule 35(b) motion by order entered May 15, 2015. In denying petitioner's motion, the circuit court found that obtaining his GED "[was] not sufficient evidence to justify leniency and reduction of [petitioner's] sentence." This appeal followed.

In regard to motions made pursuant to Rule 35(b), we have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We find no abuse of discretion in the circuit court's order denying petitioner's motion.

In the matter before us, petitioner is not challenging the correctness of his sentence but rather asserts that the circuit court failed to consider his rehabilitative efforts while incarcerated and considered an impermissible factor. While petitioner argues that the circuit court's finding that obtaining "his GED is not sufficient to justify leniency and reduction of [petitioner's] sentence" conflicts with "common sense," we disagree. Though it is commendable that petitioner has sought continued education and other rehabilitative efforts while incarcerated, the record does not show that the circuit court abused its discretion in denying petitioner's motion for this reason. It is clear that the circuit court's conclusion is based on sound reasoning, practical considerations of the crimes, notions of consistency and fairness, and justice for the victims. Further, we have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." Here, petitioner

---

[1]West Virginia Code § 62–12–6(a)(1) and (2), provides, in relevant part, as follows:

(a) Each probation officer *shall:*

(1) Investigate all cases which the court refers to the officer for investigation and shall report in writing on each case;

(2) Conduct a standardized risk and needs assessment, using the instrument adopted by the Supreme Court of Appeals of West Virginia, for any probationer for whom an assessment has not been conducted either prior to placement on probation or by a specialized assessment officer. The results of all standardized risk and needs assessments are confidential[.]

was sentenced within the statutory limits of both crimes.[2] Further, the record shows that the circuit court did not rely on any impermissible factors. Given the facts of the case, we find that the circuit court did not abuse its discretion in denying petitioner's motion for a reduction of sentence.

For the foregoing reasons, the circuit court's May 15, 2015, order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**:  **April 12, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[2]For disinterment of a dead body, West Virginia Code § 61-8-14(a) provides for a prison term of "not more than five years." For conspiracy, West Virginia Code § 61-10-31 provides for a prison term of "not less than one nor more than five years."